kCANNELLA, Judge.
REVERSED AND REMANDED.
Delores Antoine, the paternal grandmother of the adopted child, RMJ, appeals from the judgment denying her Motion and Order for Appeal as untimely filed. For the reasons which follow, we reverse and remand for further proceedings.
According to the record before us, RMJ is the illegitimate child of Pamela Jefferson, born December 28,1994. Pamela Jefferson lived with a man named Ricky Get-tridge for an extended period of time up to and including the time of the birth and it is believed and asserted that Ricky Gettridge is the biological father of RMJ. This has not been disputed. Both Pamela Jefferson and Ricky Gettridge are now deceased, both dying on May 14,1996. Prior to their deaths, the couple and RMJ lived near Delores Antoine, RMJ’s paternal grandmother, who assisted the couple from time to time and assisted in the care of the child. Immediately following the death of the parents, Eliza Jefferson, the maternal grandmother, took physical custody of the child. It is alleged in the adoption ^petition that social services thereafter placed the child with John Jefferson, the maternal uncle, and his wife Elaine Jefferson (the Jeffersons). The maternal and paternal relatives have been engaged in an ongoing dispute over custody of RMJ in a case filed in Orleans Civil District Court. Delores Antoine v. Eliza Jefferson and Earl Jefferson, 96-15534. Counsel for Delores Antoine, in brief to this court, contends that at a conference in chambers in the custody matter on September 1, 1998, the Jefferson’s counsel agreed to postpone the adoption proceedings pending resolution of the custody matter. Despite the ongoing custody dispute, the Jeffersons filed the instant petition for intra family adoption on December 7, 19S>8 in the Twenty-Ninth Judicial District Court for the Parish of St. Charles. Delores Antoine was not notified of the pending adoption proceedings. The final decree of adoption was signed on January 21, 1999. Delores Antoine contends that she was not notified of the adoption judgment until February 3, 1999. On Monday, February 22, 1999, Delores Antoine filed a Petition to Annul the Judgment of Adoption, a Motion and Order to Fix Visitation and a Motion and Order for Appeal. The Motion and Order for Appeal was denied with the notation “Untimely filed.” It is this ruling, denying her motion- for appeal, from which Delores Antoine appeals herein. The Jeffersons have not filed a response brief.
On appeal Delores Antoine argues that her motion for appeal, filed on Monday, February 22, 1999, the first work day following the thirtieth day from the signing of judgment on January 21, 1999, was timely. She contends that the trial court erred in denying her Motion for Appeal. We agree.
*651 La. C.Ch. art. 1259 provides in pertinent part:
Any party to the proceedings or any other party in interest shall have the right to appeal a judgment granting or | refusing to grant an interlocutory or final decree regarding any type of adoption within thirty days after the rendition of a judgment or decree.
The judgment granting the adoption was signed and rendered on January 21, 1999. La. C.C.P. art. 5059, directing how to compute time periods, provides in part:
In computing a period of time allowed or prescribed by law or by the order of the court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
In the instant case, the final judgment of adoption was signed on January 21, 1999. The thirty day period for filing an appeal ran until February 20, 1999, which was a Saturday. The first day following the time period which was not a legal holiday was Monday, February 22, 1999. Delores Antoine filed her Motion for Appeal on that day. The Motion for Appeal was timely filed. Therefore, we find that the trial court erred in denying her Motion for Appeal as being not timely.
Accordingly, we reverse the trial court ruling denying Delores Antoine’s Motion for Appeal and remand the case for further proceedings, including but not limited to the signing of the motion for appeal and preparation and lodging of the record. Costs of appeal are to be paid by the Jeffersons.
REVERSED AND REMANDED.